IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          No. CIV 16-641 JAP/SMV
                                                                        No. CR 07-286 JAP

LEONARD G. MARQUEZ,

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On May 5, 2017, United States Magistrate Judge Stephen M. Vidmar filed Proposed Findings and Recommended Disposition (PFRD) (Civ. No. 16), recommending that Defendant Leonard Marquez's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. No. 1) be denied. Marquez objected to the PFRD on July 25, 2017. (Civ. No. 21). The government neither objected to the PFRD nor responded to Marquez's objections. On September 18, 2017, this case was reassigned from Senior District Judge C. Leroy Hansen to Senior District Judge James A. Parker. The Court conducted a *de novo* review of the portions of the PFRD to which Marquez objects and will overrule the objections, adopt the PFRD, deny Marquez's Motion, and dismiss this § 2255 proceeding with prejudice.

## Background

On February 16, 2007, Marquez was charged with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). Presentence Report ("PSR") at 3. On September 8, 2010, he pleaded guilty to the offense. *Id*

The PSR stated that Marquez qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA") because he had at least three prior violent felony convictions: two for New Mexico residential burglary,[1] NMSA 1978, § 30-16-3(A), and one for New Mexico aggravated assault with a deadly weapon, NMSA 1978, § 30-3-2(A), and one for New Mexico attempted robbery, NMSA 1978, §§ 30-16-2, 30-28-1. The PSR indicated that all four convictions qualified as violent felonies under § 924(e)(2)(B) of the ACCA. PSR at 7–8, 31.

With the armed career criminal enhancement, Marquez's offense level was 33. *Id.* at 7. Based on a downward adjustment for acceptance of responsibility, his total offense level was 30. With a criminal history category of VI, Marquez's guideline imprisonment range was 168–210 months. *Id.* at 8, 31. On March 29, 2011, the Court sentenced Marquez to 180 months imprisonment. Marquez did not appeal his sentence. This is Marquez's first § 2255 Motion.

**United States Supreme Court decisions of *Johnson and Welch***

In *Johnson v. United States* ("*Johnson II*"), 135 S. Ct. 2551, 2557 (2015), the Supreme Court held that the so-called "residual clause" of the definition of "violent felony" in the ACCA was unconstitutionally vague. The ACCA defined "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that —
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1] The PSR indicated that Marquez had two prior New Mexico residential burglary convictions (both of which qualified as violent felonies and contributed to his armed career criminal designation, along with his convictions for aggravated assault and attempted robbery). PSR at 7–8; *see also* PSR at 10–11, 18–19. In his § 2255 Motion, Marquez stated that he had just one residential burglary conviction, though he cited to the PSR for this point. § 2255 Motion at 1–2, 19. Marquez subsequently referred to multiple prior burglary "convictions," acknowledging more than one. Reply at 10 (Civ. No. 15).

2

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the "residual clause."

In *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court determined that the ruling in *Johnson II* was substantive (as opposed to procedural) and, therefore, had "retroactive effect in cases on collateral review." Accordingly, *Welch* opened the door for individuals sentenced under the residual clause of the ACCA's violent-felony definition to move under § 2255 to vacate their sentences as unconstitutional.

**Summaries of Parties' Arguments and Judge Vidmar's PFRD**

Marquez argued, in part, that his prior convictions only qualified as violent felonies under the now-invalidated residual clause and that, he is, therefore, entitled to be resentenced. The government contended that his two residential burglary convictions qualified under the ACCA's so-called "enumerated clause," which designated certain specific crimes as violent felonies.[2] Response at 5 (Civ. No. 8). The government asserted that whether Marquez's third conviction for aggravated assault with a deadly weapon qualified as an ACCA violent felony under the so-called "force clause" of the ACCA depended on the Tenth Circuit's decision in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016), *cert. denied,* 137 S.Ct. 1214 (2017), which was then pending.[3,4] *Id.* at 2–4.

---

[2] The government did not contend that New Mexico residential burglary qualified under the ACCA's "force clause."
[3] The government also requested a stay of proceedings pending a decision in *Maldonado-Palma*. Response at 2–4. *Maldonado-Palma* was decided shortly after the government filed its Response and before Marquez replied. The government's request for a stay of proceedings will therefore be denied as moot.

A. **New Mexico residential burglary is a violent felony under the enumerated clause of § 924(e)(2)(B)**

In finding that Marquez's two earlier convictions for New Mexico residential burglary qualified as ACCA violent felonies, Judge Vidmar first determined that the pertinent state statute, NMSA § 30-16-3, was divisible and then applied the modified categorical approach to decide that Marquez was convicted for New Mexico residential burglary under § 30-16-3(A). PFRD at 8–9. After a thorough analysis, Judge Vidmar rejected Marquez's broad interpretation of New Mexico's residential burglary statute, *id.* at 11–20, concluding that the burglary of a dwelling under § 30-16-3(A) "meets the generic definition of 'burglary'" and that a New Mexico residential burglary conviction qualified as an enumerated ACCA violent felony, "irrespective of the now-unconstitutional residual clause." *Id.* at 20.

B. **New Mexico aggravated assault with a deadly weapon is a violent felony under the force clause of § 924(e)(2)(B)**

In finding that Marquez's conviction for New Mexico assault with a deadly weapon qualified as an ACCA violent felony, Judge Vidmar observed that the parties did not dispute that Marquez was convicted of aggravated assault with a deadly weapon under NMSA § 30-3-2(A). PFRD at 21. Judge Vidmar then recited the Tenth Circuit Court's holding in *Maldonado-Palma* that a conviction of aggravated assault with a deadly weapon under the force clause of Sentencing Guideline § 2L1.2 was categorically a crime of violence. Judge Vidmar reasoned that the holding in *Maldonado-Palma* applied "in equal measure to the identically worded force

---

[4] The government did not argue that Marquez's attempted robbery conviction could be used to enhance his sentence. It conceded that it would not rely upon this conviction to enhance Marquez's sentence "for purposes of this case alone." Response at 2.

clause of the ACCA's definition of violent felony" and that *Maldonado-Palma* compelled the conclusion that New Mexico aggravated assault with a deadly weapon qualified as an ACCA violent felony under the force clause. *Id.* at 22, 23. Stated differently, the ACCA's now-invalidated residual clause played no role in the determination of whether the pertinent crime constituted an ACCA violent felony. *Id.* at 23.

Having determined that Marquez's two convictions for New Mexico residential burglary and one conviction for New Mexico aggravated assault with a deadly weapon qualified as ACCA violent felonies, Judge Vidmar found that Marquez was properly sentenced and recommended that his § 2255 Motion be denied.

## Analysis of Marquez's Objections

### A. Legal Standard

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To preserve an issue, a party's objections to a PFRD must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.*

## B. Objections

### 1. *New Mexico Residential Burglary*

While *Johnson II* invalidated the residual clause of the ACCA, it did not impact the enumerated offenses listed in 18 U.S.C. § 924(e)(2)(B)(ii), which include "burglary." In *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016), the Supreme Court held that the enumerated crimes in § 924(e)(2)(B)(ii) referred only to their "generic versions – not to all variants of the offense." Thus, for burglary to qualify as an ACCA violent felony, the offense had to "contain the following elements: an unlawful or unprivileged entry into … a building or other structure, with intent to commit a crime." *Id.* If a statute "swept more broadly than the generic crime," a conviction under that law would not support a sentencing enhancement under the ACCA. *Descamps v. United States*, 133 S.Ct. 2276, 2283, *reh'g denied,* 134 S.Ct. 41 (2013). But, a conviction under a statute with these elements or with a narrower version of these elements would satisfy the definition of a generic burglary sufficient to justify sentencing enhancement under the ACCA. *Id.* at 2781.

In analyzing pertinent state and federal law, Judge Vidmar properly employed the modified categorical approach in comparing the elements of the crime of conviction with the elements of the generic crime. PFRD at 6–10. He concluded that New Mexico residential burglary, i.e., the unauthorized entry of a dwelling house with the intent to commit any felony or theft therein, was substantially the same as, or narrower than, generic burglary. *Id.* at 10.

Marquez objects to Judge Vidmar's finding that New Mexico residential burglary is substantially similar to generic burglary and, therefore, qualifies as a violent felony under the

enumerated clause of § 924(e)(2)(B). Objections at 2–12. More specifically, Marquez contends that residential burglary under NMSA § 30-16-3(A) does not extend to the burglary of the structures listed in the non-residential burglary subsection under NMSA § 30-16-3(B), even if used for habitation. *Id.* at 2–7. Marquez maintains that all the structures listed in subsection B can be read into subsection A by dint of the fact that New Mexico's Uniform Jury Instruction 14-1631 defines "dwelling house" as "*any structure*, any part of which is customarily used as living quarters." *Id.* at 2 (emphasis added) (internal quotation marks omitted). He urges the Court to apply New Mexico courts' interpretations of the meaning of "*other structure*" under § 30-16-3(B) in evaluating the meaning of "dwelling house" under § 30-16-3(A).

Similar to Magistrate Judge Vidmar, this Court observes that Marquez offered no case law to support his interpretation of § 30-16-3(A). Instead, Marquez cited only to case law evaluating convictions under subsection B of the statute. *See* Objections at 2–3 *citing State v. Foulenfont*, 1995-NMCA-028, ¶ 2, 119 N.M. 788 (evaluating whether a fenced-in area "comes within the definition of 'structure' in Section 30-16-3(B)").[5] Marquez also relied on *State v. Office of Public Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶ 61, 285 P.3d 622, but in *Muqqddin*, the state court was evaluating whether penetrating the gas tank of a vehicle and removing its tires satisfied the "entry" element of burglary of a vehicle under subsection B.

---

[5] Marquez argues that the court in *Foulenfont* was analyzing the "all-encompassing introductory paragraph that precedes" subsections A and B when it interpreted "other structure" to mean "an enclosure similar to a vehicle, watercraft, aircraft, or dwelling." Objections at 4. But, there is no question that the court in *Foulenfont* was tasked with deciding if the pertinent crime "fit within the definition of burglary set forth in NMSA 1978, Section 30–16–3(B)…." *Foulenfont*, 1995-NMCA-028, ¶ 2, 119 N.M. at 789. Moreover, a person cannot be convicted under the introductory section—a person may be convicted of either residential burglary under § 30-16-3(A), a third-degree felony, or non-residential burglary under § 30-16-3(B), a fourth-degree felony.

7

Marquez has not identified any case where New Mexico state courts have applied the term "other structure" to a conviction under subsection A of § 30-16-3.

Nor does Marquez's reliance on New Mexico case law interpreting statutes outside of § 30-16-3 persuade the Court that Magistrate Judge Vidmar's findings and recommendations were incorrect. For example, Marquez cites two cases that evaluated convictions under New Mexico's separate *aggravated* burglary statute, § 30-16-4. Objections at 4–5 (citing *State v. Alvarez-Lopez*, 2004-NMSC-030, 136 N.M. 309, and *State v. Romero*, 1998-NMCA-057, 125 N.M. 161). But, those decisions shed little or no light on the interpretation of the statutory elements in § 30-16-3(A).

Marquez also argues that the New Mexico cases cited by Magistrate Judge Vidmar do not support the Magistrate Judge's findings and recommendations. Objections at 6–8. The Court has reviewed the cases in question, *State v. Ervin*, 1981-NMCA-068, ¶¶ 1–4, 96 N.M. 366, 367, *State v. Lara*, 1978-NMCA-112, ¶¶ 4–5, 92 N.M. 274, 275, and *State v.* Ruiz, 1980-NMCA-123, 94 N.M. 771, *superseded by statute on other grounds as stated in State v. McCormack,* 1984-NMCA-042, ¶ 12, 101 N.M. 349, 351–352, and finds that Marquez's objections are without merit. Marquez's interpretations of New Mexico case law and jury instructions fail to convince the Court that NMSA § 30-16-3(A) "sweeps more broadly than the generic crime," such that Marquez's conviction for New Mexico residential burglary would not support a sentencing enhancement under the ACCA.

Finally, the Court has carefully considered but rejects Marquez's additional argument regarding the scope of generic burglary and/or that New Mexico' residential burglary statute is

overbroad, his position that the New Mexico residential burglary is not divisible, his objection to the application of the modified categorical approach, and his disagreement with Magistrate Judge Vidmar's interpretation of *United States v. Spring*, 80 F.3d 1450, 1462 (10th Cir. 1996). *See* Objections at 8–12. In short, Judge Vidmar did not err in relying on the Tenth Circuit's decision in *Spring*. The Magistrate Judge acknowledged the well-established rule that generic burglary excludes the burglary of vehicles, i.e., movable structures used for transportation. PFRD at 17–18. Magistrate Judge Vidmar explained the rule adopted by the Tenth Circuit that a vehicle used as a habitation satisfied generic burglary, and he identified subsequent Tenth Circuit case law affirming that principle. *Id.* at 18–19. Thus, Marquez's objections as to the scope of generic burglary are unavailing.

In sum, the Court will overrule Marquez's objections and will adopt Judge Vidmar's findings and recommendations as to New Mexico residential burglary. Marquez has raised no more than a theoretical possibility that § 30-16-3(A) could be applied to conduct outside the generic definition of burglary; he has not shown a realistic probability that New Mexico courts would apply this statute to conduct that falls outside the generic definition of the crime. *See Gonzales v. Duenas-Alvarez,* 549 U.S. 183, 193 (2007). For the reasons stated above, the

Court concludes that New Mexico residential burglary, § 30-16-3(A), qualifies as an ACCA violent felony under the enumerated clause of § 924(e)(2)(B).[6]

### 2. *New Mexico Aggravated Assault with a Deadly Weapon*

Marquez objects to Judge Vidmar's finding that New Mexico aggravated assault with a deadly weapon, § 30-3-2(A), qualifies as a violent felony under the force clause of § 924(e)(2)(B). As discussed *supra*, Judge Vidmar believed that the Tenth Circuit's recent decision in *Maldonado-Palma* controlled the outcome. *See* PFRD at 22–23. In *Maldonado-Palma*, the Tenth Circuit Court found that New Mexico aggravated assault, § 30-3-2(A), qualified as a "crime of violence" under the Sentencing Guidelines' identically worded force clause. 839 F.3d at 1248–50.

Marquez urges that a recent decision of the New Mexico Court of Appeals, *State v. Branch*, 2016-NMCA-071, 387 P.3d 250, *cert. granted,* __ P.3d __ (No. 35,951, 7/28/16), undercuts the holdings of *Maldonado-Palma* and *Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010) and thus compels a different result. Objections at 12–16. In short, Marquez argues that according to the reasoning of *Branch*, aggravated assault in New Mexico does not require proof of the defendant's intent to assault the victim—only that the victim reasonably believed he or she was in danger. *Id.* at 14–15. Because the Tenth Circuit's analysis in *Maldonado-Palma* and *Ramon Silva* rested on the principle that the use of physical force must be intentionally directed

---

[6] The undersigned judge has reached this conclusion in a prior case, *Turrieta v. United States*, No. CIV 16-395 JAP/KK, [Doc. 10] at 6–8 (D.N.M. Oct. 28, 2016). Moreover, judges in this District have agreed that § 30-16-3(A) qualifies as an enumerated violent felony or as a crime of violence. *See, e.g.*, *United States v. Alires*, No. CR 14-3902 JB, [Doc. 43] at 28–36 (D.N.M. May 1, 2017); *United States v. Tolentino*, No. CIV 16-0583 MV/LAM, [Doc. 16] at 11–12 (D.N.M. June 12, 2017); *Sandoval v. United States*, No. CIV 16-0410 LH/CG, [Doc. 16] at 7 (D.N.M. Apr. 18, 2017); *United States v. Sedillo*, No. CIV 16-0426 MCA/LAM, [Doc. 18] at 11–13 (D.N.M. Mar. 6, 2017).

"*toward* a victim," Marquez contends these cases are at odds with New Mexico case law interpreting its assault statute, and thus were wrongly decided. *Id.* at 14. Marquez asserts that *Branch* constitutes an "intervening state court opinion" that "effectively overrules" *Maldonado-Palma* and *Ramon Silva*. *Id.* at 15–16.

Whatever the merit of Marquez's argument as to the substantive significance of *Branch*,[7] this Court is bound by the Tenth Circuit's decision in *Maldonado-Palma*. *Branch* was decided before *Maldonado-Palma*; *Branch* does not undermine the precedential value of *Maldonado-Palma*.[8] *See United States v. Miera*, 2013 WL 6504297, at *18 (D.N.M. Nov. 22, 2013) (questioning the Tenth Circuit's opinion in *Ramon Silva* but concluding that the court "is not, however, free to disregard the majority's conclusion that aggravated assault with a deadly weapon in New Mexico is a violent felony" under the force clause of the ACCA).

Like Magistrate Judge Vidmar, this Court finds that the Tenth Circuit Court's decision in *Maldonado-Palma* is controlling precedent that the New Mexico offense of aggravated assault with a deadly weapon under NMSA § 30-3-2(A) qualifies as an ACCA crime of violence under the force clause of § 924(e)(2)(B). Therefore, the Court will overrule Marquez's objections and adopt Judge Vidmar's findings and recommendations.

---

[7] In an earlier decision, the undersigned judge considered and rejected arguments similar to Marquez's, ruling that *Ramon Silva* and *Maldonado-Palma* are not inconsistent with *Branch*. *United States v. Sanchez*, No. CIV 16-0659 JAP/GBW, [Doc. 20] at 22–24 (D.N.M. July 5, 2017).

[8] Moreover, while the Tenth Circuit Court, in *Maldonado-Palma*, examined New Mexico law for guidance in interpreting the elements of the crime, it did not discuss the New Mexico Court of Appeals' decision in *Branch*.

IT IS THEREFORE ORDERED that:

1) The United States' request for a stay of proceedings (Doc. No. 8) is DENIED as moot;

2) MR. MARQUEZ'S OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 21) are OVERRULED;

3) the Magistrate Judge's PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 16) are ADOPTED;

4) Defendant's MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) is DENIED; and

5) This case will be DISMISSED, with prejudice, and a Final Judgment will be entered concurrently with this Memorandum Opinion and Order.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE